**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| DEBORAH L. KINNISON, | § | |
| | § | |
| Plaintiff, | § | Civil Action |
| | § | No. C-07-381 |
| v. | § | |
| | § | |
| HUMANA HEALTH PLAN OF TEXAS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER**

On this day came on to be considered the following motions for
summary judgment: (1) Plaintiff Deborah Kinnison's motion for
summary judgment on the affirmative defense of res judicata
asserted by Defendant Prest & Associates, Inc. (hereinafter,
"Prest") and by Defendants Humana Health Plan of Texas, Inc.,
Humana, Inc., and Humana Insurance Company (together, the "Humana
Defendants") (D.E. 14); (2) Defendant Prest's cross-motion for
summary judgment, seeking dismissal of Plaintiff's claims on the
grounds of res judicata (D.E. 16); and (3) the Humana Defendants'
cross-motion for summary judgment, also seeking dismissal of
Plaintiff's claims on the grounds of res judicata (D.E. 17). For
the reasons set forth below, Plaintiff's motion for summary
judgment (D.E. 14) is DENIED in its entirety, Prest's cross-motion
for summary judgment (D.E. 16) is also DENIED, and the Humana
Defendants' cross-motion for summary judgment (D.E. 17) is hereby

GRANTED.  All of Plaintiff's claims against the Humana Defendants
are hereby DISMISSED, and the Humana Defendants are DISMISSED from
this litigation.

## I.   Jurisdiction

The Court has federal question jurisdiction over this case
pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), because
Plaintiff alleges claims under the Employee Retirement Income
Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").[1]  The
Court has supplemental jurisdiction over Plaintiff's state law
claims, pursuant to 28 U.S.C. § 1367.

## II.  Factual Background

The following facts are not in dispute.  At the time relevant
to this dispute, Plaintiff Deborah Kinnison was a Corpus Christi
resident and an employee of Mike Harvey Oil & Gas.  (Humana Exh. B-
A2, Kinnison Enrollment Form; Prest Exh. C, Prest External Review
Report).  On November 2, 2004, Plaintiff enrolled in the Mike W.
Harvey Oil & Gas group health insurance plan (Group No. 568322),
administered by Humana Insurance Company ("Humana").  (Humana Exh.
B-A, Enfors Aff., ¶ 6; Kinnison Enrollment Form).  This plan was in
effect in August and September, 2005 (the time period at issue in
this litigation).  (Enfors Aff., ¶ 6).  The group health insurance

_____

[1]29 U.S.C. § 1332(e) provides that "the district courts of
the United States shall have exclusive jurisdiction of civil
actions under this [ERISA] subchapter brought by the Secretary or
by a participant, beneficiary, fiduciary, or any person referred
to in section 1021(f)(1) of this title."

plan for Group 568322 is a plan covered by ERISA.  (Humana Exh. B-A1, Employer Group Application; Humana Exh. B-A3, Humana Insurance Policy).[2]

On August 8, 2005, Plaintiff entered the Betty Ford Center in Rancho Mirage, California for treatment for drug and alcohol dependence.  (Prest External Review Report).  From August 8 to 12, 2005, Plaintiff received inpatient detoxification treatment at the Betty Ford Center.  (Id.).  From August 13 to September 7, 2005,

---

[2]Plaintiff does not dispute that the plan purchased by Mike W. Harvey Oil & Gas is a plan covered by ERISA.  "ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce."  Mem'l Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 240 (5th Cir. 1990); see also 29 U.S.C. § 1003(a).  ERISA Section 3(1) defines a covered "employee welfare benefit plan" as "any plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing [certain benefits] for its participants or their beneficiaries...".  29 U.S.C. § 1002(1).  In this case, Mike W. Harvey Oil & Gas, an entity engaged in commerce, purchased the plan at issue for the benefit of its employees, and Mike W. Harvey Oil & Gas agreed to pay at least 50% of the premiums charged for its enrolled employees.  (Enfor Aff., ¶ 5).  The plan meets the criteria of 29 U.S.C. § 1003(a) and 1002(1), and the criteria established by the Fifth Circuit to establish whether a plan is covered by ERISA.  See Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993) (the plan exists, is not exempted from ERISA coverage by the Department of Labor Safe Harbor provisions, and the plan satisfies the primary elements of an ERISA employee benefit plan).  (The DOL safe harbor provisions do not exempt this plan from ERISA coverage because the employer paid at least 50% of premiums for covered employees).  Also of note, the group application for insurance submitted by Mike W. Harvey Oil & Gas specifically states that the plan will be covered by ERISA, with Mike W. Harvey Oil & Gas as the ERISA Plan Administrator.  (Enfors Aff., ¶ 5; Employer Group Application).

Plaintiff received inpatient rehabilitation services at the Betty Ford Center.  (Id.).  Plaintiff later submitted her claim for coverage to Humana.  (Prest Exh. A, Cornelissen Aff., ¶¶ 3-4).

Plaintiff's claim was initially reviewed by Corphealth, Inc. ("Corphealth"), which provides utilization review services for Humana.  (Id., ¶ 4).  Corphealth, via its physician reviewer, did certify Plaintiff's August 8-12, 2005 treatment at the Betty Ford Center, but did not certify the August 13 to September 7, 2005 inpatient rehabilitation services portion of Plaintiff's treatment. (Id.).  Plaintiff appealed this decision to Humana, and Humana arranged for an external independent review of Plaintiff's claim. (Id., ¶ 5).  Plaintiff's claim was sent to Defendant Prest, an independent review organization.  (Id.).  Prest, through its two board certified physician reviewers, affirmed Corphealth's denial of Plaintiff's claim for coverage from August 13 to September 7, 2005.  (Prest External Review Report).  The Prest report states that "[b]eyond the last authorized day of 08/12/05 ... [Plaintiff] could safely have been treated in an intensive outpatient setting." (Id., p. 2).

On April 28, 2006, Humana notified Plaintiff that it denied Plaintiff's appeal.  (Id., ¶ 7).  Humana's notification letter stated that if the member's plan is governed by ERISA "and if the member wants a court to review our final decision, the member may file a civil action under Section 502(a) of ERISA."  (Prest Exh. E-

- Page 4 of  29 -

A(4), April 28, 2006 Letter from K. Cornelissen to J. Williams).

## III. **Procedural Background**

This is the second lawsuit filed by Plaintiff regarding the same factual situation.

### A. **First Lawsuit, Case No. 06-cv-355**

Plaintiff filed an almost-identical suit in Case No. 06-cv-355, Deborah L. Kinnison v. Humana Health Plan of Texas, Inc., et al., before this Court.  The case was originally filed in Texas state court on June 29, 2006.  The Humana Defendants removed the case on August 11, 2006, on the grounds that at least one of Plaintiff's claims was completely preempted by ERISA.[3]

Plaintiff filed her First Amended Original Complaint ("Amended Complaint") in Case No. 06-355 on January 11, 2007 (Case No. 06-355, D.E. 15).  In the Amended Complaint, Plaintiff asserted the following Texas state law claims against the Humana Defendants: negligence, gross negligence, fraud, breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code.  (Amended Complaint, ¶ 15).  Plaintiff did not bring an ERISA claim against the Humana Defendants.

The Humana Defendants filed a motion for summary judgment on

---

[3]The case was originally assigned to Chief Judge Hayden Head.  Judge Head recused on October 4, 2006, and the case was assigned to this Court (Case No. 06-355, D.E. 9).

March 30, 2007 (Case No. 06-355, D.E. 20).[4]  The Humana Defendants requested that Plaintiff's state law claims be dismissed as preempted by ERISA.   Plaintiff filed her late response to the Humana Defendants' motion on May 1, 2007 (Case No. 06-355, D.E. 23).

On May 8, 2007, the Court GRANTED the Humana Defendants' motion for summary judgment and DISMISSED all of Plaintiff's state law claims, on the grounds that they were preempted by ERISA Section 514.  (Case No. 06-355, D.E. 26).  Specifically, the Court held that all of Plaintiff's state law claims against the Humana Defendants "relate[d] directly to Plaintiff's membership in the [Mike Harvey Oil & Gas] ERISA plan, and f[ell] squarely within the realm of ERISA conflict preemption."  (Id., p. 12).  On May 9, 2007, in accordance with its Order dismissing all of Plaintiff's claims against Defendants, the Court entered final judgment DISMISSING the case in its entirety.  (Case No. 06-355, D.E. 27). The case was terminated on May 9, 2007.

On May 29, 2007, Plaintiff filed a "Motion for Rehearing" (Case No. 06-355, D.E. 32), asking the Court to reconsider its Order granting summary judgment to the Humana Defendants. Plaintiff's motion for rehearing was filed more than ten days after

---

[4]The Humana Defendants' motion was originally styled as a motion to dismiss, and in the alternative, a motion for summary judgment.   The Court issued an Order on April 3, 2007 stating that the Court would treat Defendants' motion as a motion for summary judgment, rather than as a motion to dismiss (Case No. 06-355, D.E. 21).

the entry of judgment, so the Court treated it as a "motion for relief from judgment" under Federal Rule of Civil Procedure 60(b). See Ford v. Elsbur, 32 F.3d 931, 937 (5th Cir. 1994) (a motion to alter or amend judgment that is filed more than ten days after entry of judgment is to be reviewed under Rule 60(b)).  Because Plaintiff only attempted to re-argue the same points she made or could have made in her response to the Humana Defendants' motion for summary judgment, the Court did not find the "extraordinary circumstances" necessary for relief under Rule 60(b).  Accordingly, on June 8, 2007, the Court DENIED Plaintiff's motion for rehearing (Case No. 06-355, D.E. 32).

Also on May 29, 2007, Plaintiff filed a "Motion to Reopen Case" (Case No. 06-355, D.E. 31).  In her motion, Plaintiff argued that the case was "prematurely closed" because she had thirty days to file a motion for reconsideration of the Court's Order granting summary judgment.  (Id., ¶¶ 2, 5).  On June 8, 2007, the Court DENIED Plaintiff's motion to reopen the case (Case No. 06-355, D.E. 34).  The Court's Order noted that Plaintiff had ten days from entry of judgment to file a motion for reconsideration under Rule 59(e), and that the "thirty day" time period raised by Plaintiff was for an appeal to the United States Court of Appeals for the Fifth Circuit, not for filing a motion to reconsider before this Court.  (Id.).

Finally, on May 29, 2007, Plaintiff also filed a "Motion for

Leave to File Second Amended Original Complaint" (Case No. 06-355, D.E. 29).   Twenty days after final judgment had been entered dismissing the entire case, Plaintiff filed a motion seeking to amend her complaint to add an ERISA claim for relief.   (<u>Id.</u>, ¶ 2). On June 8, 2007, the Court DENIED Plaintiff's motion for leave to file, on the grounds that the Court "already entered final judgment in this case, DISMISSING the action in its entirety".   (Case No. 06-355, D.E. 33).

**B.   <u>Second Lawsuit, Case No. 07-cv-381</u>**

On October 1, 2007, Plaintiff filed her Original Complaint in the case currently before the Court, Case No. 07-cv-381, <u>Kinnison v. Humana Health Plan of Texas, Inc., et al.</u>[5]  In this second case, Plaintiff named the same three Humana Defendants as she did in the first lawsuit, along with newly added Defendant Prest & Associates, Inc.   In this case, Plaintiff brings a claim against Prest and the Humana Defendants under ERISA Section 502(a)(3), and Plaintiff seeks penalties for failure to provide certain documents under ERISA Section 502(c) and attorney's fees and costs under ERISA Section 502(g)(1).[6]   Plaintiff also brings claims against the

---

[5]The case was originally assigned to Chief Judge Hayden Head.  Judge Head recused on December 3, 2007, and the case was assigned to this Court.  (D.E. 9)

[6]The Court notes that the ERISA claims in Plaintiff's Complaint are not clear, and it is difficult to discern what claims Plaintiff intends to bring against Prest and the Humana Defendants.  The only ERISA sections Plaintiff refers to in her Complaint are Sections 502(a)(3), 502(g)(1) and 502(c).

Humana Defendants for breach of fiduciary duty.  Plaintiff brings claims against Prest for Texas state law negligence, misrepresentation and violation of the Texas Deceptive Trade Practices Act ("DTPA").[7]  Plaintiff seeks attorney's fees and costs under these Texas state law theories.

The Humana Defendants filed their answer to Plaintiff's Complaint on November 14, 2007 (D.E. 3), and Prest filed its answer on November 19, 2007 (D.E. 5).  Both Prest and the Humana Defendants asserted the affirmative defense of res judicata in their answers.  As a part of their answers, both Prest and the Humana Defendants also asserted counterclaims against Plaintiff for attorney's fees and costs, pursuant to ERISA Section 502(g).  Prest and the Humana Defendants claim that they are entitled to such costs and fees because Plaintiff "pursued a second suit based on

---

(Complaint, pp. 4-8).  Accordingly, the Court construes Plaintiff's Complaint as bringing claims against all Defendants under ERISA Sections 502(a)(3), 502(g)(1) and 502(c).  Plaintiff's Complaint does not specifically allege a claim under ERISA Section 502(a)(1).

[7]Plaintiff's Complaint is unclear as to exactly what state law claims Plaintiff intends to bring against Prest and the Humana Defendants.  (Complaint, pp. 5-7).  Specifically, Plaintiff includes language regarding Prest's alleged "failure to properly investigate Plaintiff's claims" and "fail[ure] to continue to review or consider evidences [sic]."  (Complaint, ¶¶ 21, 24).  It appears that Plaintiff intends these claims of "failure to investigate" to form the basis for her negligence and misrepresentation claims against Defendant Prest.  The Court will accordingly treat Plaintiff's Complaint as bringing claims against Prest for negligence, misrepresentation, and violation of the DTPA, and bringing a breach of fiduciary claim against the Humana Defendants.  This appears to be the most accurate reading of Plaintiff's Complaint.

the same claims and facts which were ruled preempted in C.A. No. 06-355". (D.E. 3, ¶¶ 15-20, D.E. 5, ¶¶ 14-20).

On December 17, 2007, Plaintiff filed a motion for summary judgment on the affirmative defense of res judicata asserted by Prest and the Humana Defendants (D.E. 7). Plaintiff argues that the claims in her current suit are not precluded by res judicata, because there was no final decision on the merits of the claims, and because she did not have an opportunity to bring an ERISA claim in the first suit. (Id., ¶¶ 9, 11, 13).

On January 4, 2008, the Humana Defendants and Prest filed their responses to Plaintiff's motion for summary judgment (D.E. 16, 17). Included with their responses, the Humana Defendants and Prest both brought cross-motions for summary judgment against Plaintiff, claiming that Plaintiff's claims against them should be dismissed under the doctrine of res judicata (D.E. 16, ¶¶ 17-28, D.E. 17, ¶¶ 8-15). Despite receipt of several extensions of time, Plaintiff never filed responses to Prest and the Humana Defendants' cross-motions for summary judgment. Per Local Rule 7.4, "failure to respond will be taken as a representation of no opposition." (L.R. 7.4).[8]

---

[8]Plaintiff's responses to the cross-motions for summary judgment were originally due on January 24, 2008. However, as a result of the medical issues of Plaintiff's counsel, the Court granted Plaintiff an extension until May 9, 2008 to respond to Prest and the Humana Defendants' cross-motions for summary judgment. (D.E. 26, GRANTING Plaintiff's motion for a continuance and setting the May 9, 2008 deadline for Plaintiff to respond to all pending motions). On May 7, 2008, two days before

As set forth below, there is no genuine issue of material fact that Plaintiff's claims against the Humana Defendants are barred by res judicata. Accordingly, the Court DENIES Plaintiff's motion for summary judgment as to the Humana Defendants, and the Court GRANTS the Humana Defendants' cross-motion for summary judgment. There is, however, a genuine issue of material fact as to whether res judicata bars Plaintiff's claims against Defendant Prest. Accordingly, the Court DENIES Plaintiff's motion for summary judgment as to Prest, and DENIES Prest's cross-motion for summary judgment on its res judicata defense.

## IV. **Discussion**

### A.   **Summary Judgment Standard**

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

the response deadline, Plaintiff's counsel requested another extension until June 9, 2008. (D.E. 27). The Court GRANTED Plaintiff's request, and Plaintiff's responses to all pending motions were due on June 9, 2008 (D.E. 28). However, on June 9, 2008, Plaintiff's counsel failed to respond to the cross-motions for summary judgment. As of June 17, 2008, Plaintiff's counsel still has not filed responses, nor has Plaintiff's counsel filed any request for an extension of time. However, the Court notes that Plaintiff did have an opportunity to present her arguments on the res judicata issue, as Plaintiff filed her own motion for summary judgment on the res judicata defense on December 17, 2007 (D.E. 14). The Court has accordingly considered Plaintiff's arguments on the issue, despite Plaintiff's numerous failures to respond to the cross-motions for summary judgment.

material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. See Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf

Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994) (stating that nonmoving party must "produce affirmative and specific facts" demonstrating a genuine issue).

When the parties have submitted evidence of conflicting facts, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315. Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party. See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

**B.    Res Judicata**

"Under the doctrine of res judicata, parties and their privies are precluded from relitigating claims that were or should have been raised in a prior action and have reached a final judgment on the merits." Metro Charities, Inc. v. Moore, 748 F.Supp. 1156, 1159 (S.D. Miss. 1990) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); Allen v. McCurry, 449 U.S. 90, 94 (1980) ("The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action.").

In order for res judicata to apply, four requirements must be met:  (1) the parties must be identical in both suits (or be in privity with parties who were identical in both suits); (2) the

prior judgment must have been rendered by a court of competent jurisdiction; (3) the same cause of action must be involved in both cases; and (4) the prior judgment must have been a final judgment on the merits.  See Steve D. Thompson Trucking Inc. v. Dorsey Trailers, 870 F.2d 1044, 1045 (5th Cir. 1989).

**C.   Res Judicata Bars Plaintiff's Claims Against the Humana Defendants**

With regard to the Humana Defendants, there is no dispute that the parties are identical, that the prior judgment of this Court was rendered by a court of competent jurisdiction, that the same causes of action (arising from the same nucleus of operative facts) were involved in both cases, and that the prior judgment was on the merits.  Essentially, in this case "the same party ... has already presented against defendants (the same party) the same arguments on the same issues seeking the same relief regarding the same insurance policy.  All the arguments have been considered and the issue ruled upon by the court in [Plaintiff's] own [earlier] action."  Dep't of Ins. v. Certain Underwriters at Lloyd's, London, 1993 WL 310576, at *2 (E.D. La. Aug. 12, 1993).

**1.   Identical Parties Requirement**

The first requirement for application of res judicata is that the parties be must be identical in both suits, or be in privity with parties who were identical in both suits.  See Steve D. Thompson Trucking Inc., 870 F.2d at 1045.  It is undisputed that

Plaintiff and the Humana Defendants were parties in both the first and second lawsuits regarding this factual situation. Accordingly, the first requirement for res judicata is satisfied.[9]

### 2.   Competent Jurisdiction Requirement

The second requirement for application of res judicata is that "the prior judgment must have been rendered by a Court of competent jurisdiction." The first lawsuit was originally filed in state court, and the Humana Defendants removed the case on August 11, 2006, on the grounds of ERISA preemption. (Case No. 06-355, D.E. 1). Plaintiff did not file a motion to remand, and in the parties "Joint Report of Meeting and Joint Discovery/Case Management Plan", filed over three months after removal, Plaintiff indicated that she "[wa]s not contesting being in federal court." (Case No. 06-355, D.E. 14). There is no dispute that this Court had jurisdiction over the earlier case, satisfying the second requirement for res judicata.

### 3.   Same Cause of Action Requirement

#### a.   Transactional Test

With regard to the third res judicata requirement, "[t]o determine whether two suits involve the same claim or cause of

---

[9]Of note, even though Plaintiff added a new Defendant in the second case (Defendant Prest), the Humana Defendants are still entitled to the defense of res judicata. See, e.g., Jurisich v. Louisiana Dept. of Wildlife and Fisheries, 1991 WL 61739 at *6 (E.D. La. April 16, 1991) ("A plaintiff cannot, merely by adding parties, diminish the effect of a prior suit against parties with whom the plaintiff has litigated issues to final judgment").

action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24.  Under that test, *the preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'"* <u>Petro-Hunt, L.L.C. v. United States</u>, 365 F.3d 385, 395-96 (5th Cir. 2004) (citing Restatement (Second) of Judgments § 24(1) (1982)) (emphasis added).  The Plaintiff in the first and second suits does not have to assert the exact same claims or causes of action in order to satisfy this requirement. <u>See</u> <u>id.</u>  Rather, "[t]he critical issue is whether the two actions under consideration are based on 'the same nucleus of operative facts.'" <u>In re Southmark Corp.,</u> 163 F.3d 925, 934 (5th Cir. 1999) (citing <u>In re Baudoin</u>, 981 F.2d 736, 743 (5th Cir. 1993)).

In this case, it is undisputed that the nucleus of operative facts between Plaintiff's first and second suits is <u>identical</u>. (<u>See</u> Case No. 06-355, D.E. 15, Amended Complaint, as compared to Case No. 07-381, D.E. 1, Original Complaint).  Plaintiff again complains of the <u>exact</u> same factual situation: her treatment for chemical dependency at the Betty Ford Center and Humana's denial of her claim for reimbursement.  The factual situation is unchanged from the first suit, Plaintiff has simply brought a second lawsuit based on the same series of events.  Accordingly, under the Fifth Circuit's "transactional test," this satisfies the third "same

cause of action" requirement for the application of res judicata. Clifton v. Warnaco, Inc., 1995 WL 295863, at *7 (5th Cir. April 18, 1995) (under the Fifth Circuit's "transactional test", "the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts".); see also Steen v. Harvey, 2007 WL 2693178, *3 (5th Cir. Sept. 11, 2007) (citing In re Baudoin, 981 F.2d at 743) ("Here, the nexus is even tighter because not only are the claims 'based on the same nucleus of operative facts,' they actually are based on identical facts occurring during the same time period".).

### b.  **Claims that Could Have Been Brought in Plaintiff's First Lawsuit**

Of note, Plaintiff argues in her motion for summary judgment that res judicata should not apply, since she brings causes of action in her second suit that she did not specifically assert in her first suit. (Plaintiff's Motion, D.E. 14, ¶ 7). This argument is unpersuasive. First, as discussed above, under the Fifth Circuit's transactional test, a Plaintiff does not have to assert the same claims or causes of action in order to satisfy the third requirement of res judicata. See Steen v. Harvey, 2007 WL 2693178 at *3. Further, in the Fifth Circuit, res judicata applies not only to claims that were actually brought in the previous proceeding, but also to claims that **could have been brought** in the

previous proceeding.  See <u>Southmark Props. v. Charles House Corp.</u>,
742 F.2d 862, 872 (5th Cir. 1984) (citing <u>Brown v. Felsen</u>, 442 U.S.
127, 131 (1979)) ("[r]es judicata prevents litigation of all
grounds for, or defenses to, recovery that were previously
available to the parties, regardless of whether they were asserted
or determined in the prior proceeding."); <u>Lopez v. Reich</u>, 1996 WL
101635, at *3 (5th Cir. Mar. 1, 1996) (internal quotations omitted)
("res judicata bars all claims that were or could have been
advanced in support of the cause of action ... not merely those
that were adjudicated.").

In this situation, Plaintiff could have brought all of her
ERISA and state law claims against the Humana Defendants in the
first case.  The facts of the case have not changed, and Plaintiff
has not indicated that any new evidence has come to light.
Plaintiff did not even attempt to assert her ERISA theories until
twenty days <u>after</u> the case had been dismissed.  This after
Plaintiff had been on notice of possible ERISA preemption since the
date of removal of the case – almost a full <u>nine months</u> before the
Court dismissed Plaintiff's first lawsuit.  Plaintiff had that
entire period to amend her complaint and assert her ERISA claims
against the Humana Defendants.  <u>See, e.g.,</u> <u>Godley v. Ameritech
Corp.</u>, 1999 WL 196567, at *3 (6th Cir. Mar. 30, 1999) ("[the
plaintiff] clearly should have brought his ERISA claim in his first
suit.  Why he did not do so remains a mystery, especially in light

of the fact that [Defendant] had filed a dispositive motion based upon ERISA preemption."). In fact, Plaintiff even did amend her complaint on one occasion, but she chose not to assert her ERISA claims at that time. (Case No. 06-355, D.E. 15, Amended Complaint).[10] Plaintiff now attempts to assert her ERISA claims, as well as a state law claim for breach of fiduciary duty, in her second suit. However, she is barred from doing so by the doctrine of res judicata. See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc., 776 F.2d 1270, 1274 (5th Cir. 1985) (under the doctrine of res judicata, "one who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar.").

### 4. Final Judgment on the Merits

The fourth requirement for a claim of res judicata is that the prior judgment must have been a final judgment on the merits. See Steve D. Thompson Trucking, Inc., 870 F.2d at 1045. In her motion for summary judgment, Plaintiff erroneously argues that this Court's order granting summary judgment to the Humana Defendants was not a final judgment on the merits of Plaintiff's claims. (Plaintiff's Motion, D.E. 14, ¶ 9). Rather, contrary to

---

[10]Plaintiff filed her Amended Complaint in Case No. 06-355 on January 11, 2007. At that point, Plaintiff had been on notice of the Humana Defendants' ERISA preemption argument for over five months, since the date of removal in August, 2006. However, Plaintiff still chose not to add any ERISA claims in her Amended Complaint.

Plaintiff's argument, several courts have held that res judicata
<u>does</u> apply to a court's decision that state law claims are
preempted by ERISA.  <u>See e.g.</u>, <u>Dep't of Ins.</u>, 1993 WL 310576 at *2
("The prior decision of the district court as to the preemption of
the state law by federal law precludes [plaintiff] from
relitigating the same matter again. ... a separate action may not
be used as a substitute for reconsideration or for appeal."); <u>Daley</u>
<u>v. Marriott Int'l., Inc.</u>, 415 F.3d 889, 897 (8th Cir. 2005)
(holding that res judicata barred a second suit when the first case
was decided on the grounds of ERISA preemption); <u>Stewart v. U.S.</u>
<u>Bancorp</u>, 297 F.3d 953, 959 (9th Cir. 2002).  In <u>Stewart</u>, the court
specifically addressed whether a dismissal on the basis of ERISA
preemption was an "adjudication on the merits" for purposes of res
judicata.  <u>Id.</u>  The court stated that "[the first] [d]ismissal was
not for lack of jurisdiction, but rather for *the substantive reason*
*that Plaintiffs' claims were preempted by federal law*.  Therefore,
res judicata applies, and the Plaintiffs are barred from litigating
any claims they raised or could have raised in [the first
lawsuit]."  <u>Id.</u> (emphasis added)[11]

    In this case, the Court's summary judgment order dismissing
Plaintiff's claims as preempted by ERISA was a final judgment on

_____

    [11]The <u>Stewart</u> court noted that the plaintiffs "could have
stated an ERISA claim in their initial complaint, or the
complaint could have been amended to include an ERISA claim.
There was no initial bar to the district court's considering an
ERISA claim except Plaintiffs' failure to raise it."  <u>Id.</u>

the merits.  See id.; Clayton Group Servs., Inc. v. First Allmerica Fin. Life Ins. Co., 166 F.Supp.2d 566, 577 (E.D. Mich. 2001) (finding that plaintiff's second suit was barred by res judicata, where court dismissed plaintiff's first suit based on ERISA preemption); see also Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985) ("Summary judgment is a judgment on the merits").  Plaintiff's claims were not dismissed because this Court lacked jurisdiction over the case, or based on a "procedural bar" as argued by Plaintiff.   Rather, Plaintiff's claims were dismissed because federal law preempted Plaintiff's state law causes of action.  This is a substantive decision on the merits, and it satisfies the fourth requirement of res judicata.  See Stewart, 297 F.3d at 959.

In sum, there is no genuine issue of material fact that all of Plaintiff's claims against the Humana Defendants are barred by the doctrine of res judicata.   Accordingly, the Court DENIES Plaintiff's motion for summary judgment as to the Humana Defendants, GRANTS the Humana Defendants' cross-motion for summary judgment, and DISMISSES all of Plaintiff's claims against the Humana Defendants.[12]

---

[12]The Humana Defendants' counter-claim against Plaintiff for attorney's fees and costs (D.E. 3) remains pending in this case.

D.  **<u>Genuine Issue of Material Fact Regarding Whether Prest</u>**
   **<u>was in Privity with the Humana Defendants</u>**

Defendant Prest was not a party to Plaintiff's first case regarding her treatment at the Betty Ford Center.  Rather, Defendant Prest has been newly added in the case currently before the Court.  Because Prest was not a party to the original lawsuit, res judicata will only operate to bar Plaintiff's claims against Prest if Prest was in privity with the Humana Defendants.  <u>See</u> <u>Steve D. Thompson Trucking Inc.</u>, 870 F.2d at 1045 (one of the requirements of res judicata is that the parties must be identical in both suits, or be in privity with parties who were identical in both suits); <u>see also</u> <u>Nagle v. Lee</u>, 686 F.Supp. 148, 148-49 (E.D. La. 1988) ("[newly added defendants] were not entitled to benefit under res judicata as they were not parties to the first action nor apprised that it involved them, and were not represented by or in privity with any party to that action."); <u>Badger v. Berritto</u>, 2000 WL 1721135, at *2 (S.D.N.Y. Nov. 17, 2000) (internal citations and quotations omitted) ("Principles of claim preclusion generally do not bar a plaintiff from re-asserting a cause of action against a new defendant, for a plaintiff has as many causes of action as there are defendants to pursue. ... [however, this] general rule ... does not apply when the new defendant was in privity with a defendant in the prior action.").

In its cross-motion for summary judgment, Prest argues that it

was in privity with the Humana Defendants, and res judicata should apply to bar Plaintiff's claims against Prest.  (Prest's Cross-Motion, ¶¶ 20-21).  However, as set forth below, there is a genuine issue of material fact as to whether Prest was in privity with the Humana Defendants.  This factual issue precludes summary judgment for both Plaintiff and Prest as to Prest's affirmative defense of res judicata.

      1.   **Privity**

          a.   **General Definition of Privity**

"Privity has been described as nothing more than a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'  Privity exists where, for example, a party's claim is derivative of the original party's claim." Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 677 (5th Cir. 2003) (citing Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir.), cert. denied, 434 U.S. 832 (1977)); see also Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990) ("Privity is merely another way of saying that there is sufficient identity between parties to prior and subsequent suits for res judicata to apply.").  However, "[b]ecause res judicata denies a non-party his day in court, the due process clauses prevent preclusion when the relationship between the party and non-party becomes too attenuated." Southwest Airlines Co., 546

F.2d at 95.

"For res judicata purposes, [the Fifth Circuit] has held that
privity exists in just three, narrowly-defined circumstances: (1)
where the non-party is the successor in interest to a party's
interest in property; (2) where the non-party controlled the prior
litigation; and (3) where the non-party's interests were adequately
represented by a party to the original suit." Meza, 908 F.2d at
1266 (citing Howell Hydrocarbons, Inc. v. Adams, 897 F.2d 183, 188
(5th Cir. 1990)). With regard to "adequate representation, federal
courts have consistently held that a non-party is bound if he
authorized a party in the prior suit to represent his interests, or
if he was represented as a member of a class or association in the
original litigation." Id. at 1267. In certain circumstances,
courts have also held that "a non-party is bound where a party to
the original suit is 'so closely aligned to the non-party's
interests as to be his virtual representative.'" Id. (citing
Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.),
appeal dismissed, 423 U.S. 908 (1975)); Dugan v. Cavenham Forest
Indus., Inc., 1994 WL 442379, at *3 (5th Cir. July 27, 1994)
(same).[13]

---

[13]Of note, "the concept of 'adequate representation' does not
refer to apparently competent litigation of an issue in a prior
suit ...; rather, it refers to the concept of virtual
representation, by which a nonparty may be bound." Freeman v.
Lester Coggins Trucking, Inc., 771 F.2d 860, 864 (5th Cir. 1985).

b.   **Virtual Representation**

Virtual representation "requires more than a showing of parallel interests--it is not enough that the non-party may be interested in the same questions or proving the same facts." Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops, 24 F.3d 743, 747 (5th Cir. 1994); Eubanks v. F.D.I.C., 977 F.2d 166, 170 (5th Cir. 1992) (same); Dugan, 1994 WL 442379 at *3 ("Virtual representation requires more than parallel interests or the use of the same attorney in both suits.").   Rather, "[v]irtual representation demands the existence of an express or implied legal relationship in which parties to the first suit are accountable to nonparties who file a subsequent suit raising identical issues."   Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 340 (5th Cir. 1982); Meza, 908 F.2d at 1272 ("The question of virtual representation is to be kept within strict confines.  Among the strict confines is a requirement that there be an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues."); Pollard v. Cockrell, 578 F.2d 1002, 1008-09 (5th Cir. 1978) (same); Shimon v. Sewerage & Water Bd. of New Orleans, 2006 WL 2726484, at *3 (E.D. La. Sept. 22, 2006) (in order for the court to find virtual representation, the defendant in the first suit must have "a duty of accountability to" the new defendant in the second suit).

The Fifth Circuit has held that the following relationships

are the types contemplated by the doctrine of virtual representation: "estate beneficiaries bound by administrators, presidents and sole stockholders by their companies, parent corporations by their subsidiaries, and a trust beneficiary by the trustee". Id. (citing Southwest Airlines Co., 546 F.2d at 97); Dolenz v. Fahey, 2007 WL 2077654, at *3 (N.D. Tex. July 6, 2007) ("Virtual representation exists when there is an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues, such as the relationship between a trust beneficiary and a trustee.").

## 2.   **Factual Issue as to Privity**

According to Prest's cross-motion for summary judgment, "Prest is an independent healthcare utilization board contracted by Humana to independently review claims made for psychological services. Prest uses independently retained medical and psychological experts and has no fiscal interest in the determination." (Prest's Cross-Motion, ¶ 3). After Plaintiff appealed Humana's denial of coverage to Humana, Humana arranged for an external independent review of Plaintiff's claim by Prest. (Cornelissen Aff., ¶¶ 4-5). The board certified physicians engaged by Prest determined that the basis for Humana's denial of benefits was sound, and that Plaintiff did not meet the criteria for inpatient treatment as of August 12, 2005. (Prest External Review Report).

Under the standard set by the Fifth Circuit, there is a factual issue as to whether Prest was in privity with the Humana Defendants for purposes of res judicata. As set forth above, to be in privity, the non-party must have been the successor in interest to a party's interest in property, the non-party must have controlled the prior litigation, or the non-party's interests must have been adequately represented by a party to the original suit. See Meza, 908 F.2d at 1266. Prest is not a successor in interest to the Humana Defendants' interest in property, and Prest did not control the earlier litigation brought by Plaintiff. Accordingly, the only way that Prest could be in privity with the Humana Defendants is if Prest's "interests were adequately represented by [the Humana Defendants in] the original suit." Id. To meet this "virtual representation" requirement, Prest and the Humana Defendants would have to have an "express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit." Id. at 1272.

Neither Plaintiff nor Prest have submitted evidence regarding the requisite legal relationship to establish privity. While Prest and Humana have parallel interests with regards to Plaintiff's claims against them, such a convergence of interests is not sufficient to create a relationship of privity. See, e.g., Gulf-Island-IV, Inc., 24 F.3d at 747 (virtual representation requires

"more than a showing of parallel interests").[14]   Prest and the Humana Defendants do not have a traditional relationship of privity, such as trustee-beneficiary or owner-subsidiary, and the relationship of insurer and utilization reviewer does not lend itself to a legal certainty of privity.[15]   See, e.g., Southwest Airlines Co., 546 F.2d at 97.   Because there is a genuine issue of material fact as to whether Prest and the Humana Defendants have the required "express or implied legal relationship" to establish privity, summary judgment is not appropriate on Prest's affirmative defense of res judicata.   Pollard, 578 F.2d at 1008-09.

## V.   Conclusion

For the reasons set forth above, Plaintiff's motion for summary judgment (D.E. 14) is DENIED in its entirety, Prest's cross-motion for summary judgment (D.E. 16) is also DENIED, and the Humana Defendants' cross-motion for summary judgment (D.E. 17) is hereby GRANTED.   All of Plaintiff's claims against the Humana

---

[14]Further, it would be possible for Prest and the Humana Defendants' interests to diverge, for example, if the Humana Defendants attempted to shift liability to Prest for Humana's coverage decision regarding Plaintiff's treatment.

[15]Also of note, Prest classifies itself as an "*independent* healthcare utilization board contracted by Humana to *independently* review claims made for psychological services." (Prest's Cross-Motion, ¶ 3) (emphasis added).   Prest also claims that it "uses *independently* retained medical and psychological experts" in conducting its external reviews.   (Id.) (emphasis added).   These classifications of Prest as independent from the Humana Defendants do not support Prest's claim of privity.

Defendants are hereby DISMISSED.[16]

SIGNED and ENTERED this 17th day of June, 2008.

_____
Janis Graham Jack
United States District Judge

---

[16]The Humana Defendants' cross-claim against Plaintiff for attorney's fees and costs (D.E. 3) remains pending.